UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-145-TAV-HBG-3 |
| JESSICA MCCARVER, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motions requesting the Court to review her jail time computation [Docs. 163, 171]. In the defendant's motions, the defendant requests that the Court direct the Bureau of Prisons to calculate her jail time so as to grant her credit for the time from her arrest on state charges until she was sentenced in federal court. The defendant also requests that the Court appoint her counsel to assist her with these motions. The government has responded [Doc. 167]. The government asserts that the defendant's motion should be denied because the Court has complied with the defendant's request that the federal sentence run concurrently to any imprisonment imposed by the state, and because any computation of jail time is within the province of the Bureau of Prisons.

The calculation of a term of imprisonment for a federal prisoner, including any award of credit for time served, is governed by 18 U.S.C. § 3585.[1]  "This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b).  That task is reserved for the Attorney General of the United States through the [Bureau of Prisons]."  *United States v. Williams*, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008) (citing *United States v. Wilson*, 503 U.S. 329, 333–34 (1992) and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)).

Thus, a prisoner seeking credit for time spent in custody must first exhaust her administrative remedies through the Bureau of Prisons, *Wilson*, 503 U.S. at 335, and failing that, petition the district court for habeas corpus review pursuant to 28 U.S.C. §

---

[1] Section 3585 provides:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.
2

2241, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Any such petition generally should be filed in the district where the prisoner is being held. *See United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004) ("Absent special circumstances not present here, a petition for a writ of habeas corpus is properly filed only in a court that has personal jurisdiction over the alien's immediate custodian.").

Here, the defendant is incarcerated in Anderson, West Virginia. Therefore, even if the defendant had exhausted her administrative remedies—which has not been shown—the Court would not have jurisdiction over any habeas corpus petition brought pursuant to § 2241. Additionally, the defendant has not provided any other statutory basis for relief. *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (stating that "[t]he authority of a district court to resentence a defendant is limited by statute" and "18 U.S.C. § 3582(c)(1)(B) expressly prohibits . . . resentencing of a defendant beyond those exceptions expressly enacted by Congress"). Therefore, the Court concludes that it lacks jurisdiction to grant the defendant relief.

For the reasons stated herein, the defendant's motions requesting the Court to review her jail time computation [Docs. 163, 171] are **DENIED**. As defendant's motions are denied, defendant's request for counsel to assist her in these motions [Doc. 171] is hereby **DENIED AS MOOT**.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE