UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-145-TAV-HBG-3 |
| JESSICA MCCARVER, | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's motion to reduce sentence [Doc. 178]. In this motion, the defendant requests that the Court resentence her pursuant to "the minor role reduction law that was recently passed," presumably Amendment 794. The government has responded in opposition [Doc. 185].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)); *accord Dillon v. United States*, 560 U.S. 817, 824 (2010). One such statute is 18 U.S.C. § 3582(c)(2), which authorizes a sentence reduction when consistent with the policy statements in the Sentencing Guidelines, where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable

amendment.  18 U.S.C. § 3582(c); *see also* 28 U.S.C. § 994(u); U.S. Sentencing Guidelines Manual § 1B1.10.

Amendment 794 took effect November 1, 2015, and it clarifies the circumstances under which courts may grant a minor- or minimal-role reduction under Guidelines § 3B1.2.  The Sentencing Commission has not designated Amendment 794 as retroactive.  U.S. Sentencing Guidelines Manual § 1B1.10.  Therefore, using the amendment to reduce defendant's sentence would not be consistent with the Sentencing Commission's policy statements.  *See United States v. Dullen*, 15 F.3d 68, 70 (6th Cir. 1994) (holding that, for a sentence to be reduced pursuant to § 3582(c)(2) because of an amendment to the Guidelines, the amendment must be listed in § 1B1.10 as being retroactive).  Consequently, because Amendment 794 does not apply retroactively, § 3582(c) does not authorize a reduction of the defendant's sentence.  The defendant has not identified other statutory authority under which this Court may grant the relief she seeks.

Accordingly, for the reasons discussed herein, the defendant's motion for a sentence reduction [Doc. 178] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE